IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Willie J. Abney | : | CIVIL ACTION |
| v. | : | |
| SEPTA | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  ( X )

| | | |
|---|---|---|
| 9/10/2020 | [signature] | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-625-0330 | 215-625-0159 | oluesq@aol.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

JS 44 (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

### I. (a) PLAINTIFFS
WILLIE J. ABNEY

**(b)** County of Residence of First Listed Plaintiff: MONTGOMERY
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Olugbenga O. Abiona, Esquire
121 South Broad Street, Suite 1200
Philadelphia, PA 19107; 2156250330

### DEFENDANTS
SEPTA

County of Residence of First Listed Defendant: PHILADELPHIA
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

### II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| | | | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment / ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

### V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:
Retaliatory demotion in violation of Title VII, 42 USC Section 2000e-5.

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

### VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 09/10/2020
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __North Wales, PA__

Address of Defendant: __1234 Market Street, Philadelphia, PA 19106__

Place of Accident, Incident or Transaction: __Philadelphia, PA__

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes [ ]  No [✓]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes [ ]  No [✓]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes [ ]  No [✓]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes [ ]  No [✓]

I certify that, to my knowledge, the within case [ ] is / [●] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____   _____  _____
                        *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A.** *Federal Question Cases:*
1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Patent
6. [ ] Labor-Management Relations
7. [✓] Civil Rights
8. [ ] Habeas Corpus
9. [ ] Securities Act(s) Cases
10. [ ] Social Security Review Cases
11. [ ] All other Federal Question Cases
   *(Please specify):* _____

**B.** *Diversity Jurisdiction Cases:*
1. [ ] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury *(Please specify):* _____
7. [ ] Products Liability
8. [ ] Products Liability – Asbestos
9. [ ] All other Diversity Cases
   *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Olugbenga O. Abiona__, counsel of record *or* pro se plaintiff, do hereby certify:

[ ] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[✓] Relief other than monetary damages is sought.

DATE: __09/10/2020__   _____  __57026__
                        *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

WILLIE J. ABNEY  :  CIVIL ACTION No.
    Plaintiff,  :
vs.  :
    :
SEPTA  :
    Defendant  :

---

## COMPLAINT AND JURY DEMAND

### I. INTRODUCTION

1. Plaintiff in the above captioned matter, claims a sum in excess of One Hundred Thousand Dollars ($100,000.00) in damages and upon his cause of action, avers as follows:

2. This action for monetary damages and other appropriate relief is brought by Plaintiff to redress violations by Defendant Southeastern Pennsylvania Transportation Authority (hereinafter "SEPTA"), rights secured to Plaintiff by the laws of the United States of America.

3. This action arises under the Civil Rights Act 42 U.S.C. §2000e-5, Title VII, which prohibits retaliation by Defendant against employees who engage in protected activities under the statute.

### II. JURISDICTION, VENUE AND PARTIES

4. The jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. 1331, which provides for the original jurisdiction of Plaintiff's claims arising under the laws of the United States of America. Prior to filing this lawsuit, Plaintiff filed a Charge of Discrimination with the EEOC, and on August 12, 2020, the EEOC issued Plaintiff a right to sue notice to take his claims to court. See Exhibit Attached.

5. The venue of this Court is proper pursuant to the dictates of Title 28 U.S.C. 1391(c).

6. Plaintiff, Willie J. Abney, is an adult individual, residing within the City of North Wales, Pennsylvania and belongs to a protected class under the applicable statute. Plaintiff is an African-American male.

7. Defendant, SEPTA, is a municipal agency, with its offices located at 1234 Market Street, Philadelphia, PA 19107.

### III. BRIEF STATEMENT OF FACTS

8. Plaintiff started working for SEPTA in or about 1992 as a Dispatcher/ Service Monitor.

9. In April 2014, Plaintiff was promoted to the position of Assistant Director, in SEPTA's Subway/Elevated Division.

10. On or about October 30, 2018, Plaintiff filed a complaint with SEPTA's EEO office of being subjected to hostile work environment and verbal threat by a subordinate.

11. On or about December 21, 2018, Plaintiff complained to SEPTA's EEO office of being subjected to gender motivated discriminatory and retaliatory investigatory actions because of his prior EEO activities.

12. On or about April 29, 2019, Plaintiff filed a Charge of Discrimination against SEPTA, asserting claims of retaliation and discriminatory practices by SEPTA's EEO officials. (Charge No. 530-2019-02832).

13. SEPTA was informed of Plaintiff's charge by the EEOC in 2019.

14. In or about February 19, 2020, based on false allegations of sexual harassment filed against Plaintiff by Reydonia Benjamin, SEPTA issued Plaintiff a Notice of Charges/Reasons for Imminent demotion.

15. On February 19, 2020, Plaintiff sent a written complaint to SEPTA's Assistant General Manager, Stephanie Deiger, asserting that he was being subjected to continuous retaliatory actions by SEPTA's EEO office, with false allegations of sexual harassment by a female subordinate.

16. On March 13, 2020, SEPTA subjected Plaintiff to a retaliatory demotion from his position as Assistant Director to a Dispatcher, resulting in salary decrease of about $40,000 per year.

17. However, SEPTA did not demote several management employees who were accused of sexual harassment, and were found to have engaged in inappropriate conduct that violated SEPTA's EEO Policy.

18. For example, on December 2, 2010, a female SEPTA employee, Michelle Jones filed a complaint of sexual harassment and hostile work environment with SEPTA's EEO office against her manager, Alfred Outlaw, with allegations that included Outlaw stating to Ms. Jones, "Michelle, I didn't know that you were that well endowed"; referring to Ms. Jones' breast. In another incident in July 2010, Outlaw asked Ms. Jones to walk on his back while he lay on the floor in his office. Outlaw asked Ms. Jones to come into his office, and told her that he saw on the Jefferson show, a scene where Florence was walking on George's back, and asked Jones to take off her shoes and walk on his back. Jones told Outlaw that she was uncomfortable doing this but Outlaw insisted that Jones should do this for him. Jones reluctantly took her shoes off and walked on his back. Outlaw admitted to SEPTA that he engaged in this conduct.

19. SEPTA's EEO office conducted an investigation of Jones' allegations against Outlaw and on January 6, 2011, determined that Outlaw had violated SEPTA's anti-sexual harassment

policy. However, SEPTA took no disciplinary action against Outlaw or demoted Outlaw from his managerial position for violating SEPTA's EEO Policy.

20. Yet, despite SEPTA's EEO investigation of the complaint filed against Plaintiff by Ms. Benjamin and conclusion that its investigation did not reveal any evidence that Plaintiff had violated SEPTA's EEO Policy, SEPTA subjected Plaintiff to a retaliatory demotion.

IV         **STATEMENT OF CLAIM**

**COUNT ONE– Title VII VIOLATION-Retaliation**

21. Plaintiff incorporates by reference all allegations alleged in paragraphs one (1) through twenty (20) above as if same were fully set forth at length herein.

22. The acts and conducts of SEPTA as stated above where Plaintiff was subjected to adverse employment action on or about March 13, 2020, because of his prior EEO activities is a violation of the Civil Rights Act 42 U.S.C. Section 2000e-5.

23. As a direct result of said violation of the Civil Rights Act, Plaintiff has sustained loss of wages and earnings, loss of benefits, loss of future earning power, loss of back pay, front pay, and interest due therein as well as mental anguish, emotional distress, humiliation, and damages to reputation.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully demands judgment against Defendant and request that this Honorable Court:

A. Enter judgment against Defendant for back pay, front pay, loss of income, loss of benefits, pre and post judgment interests, costs of suit, compensatory damages, attorneys' fees and expert witness fees as permitted by law; and

B. Award such other relief, as the Court may deem necessary and just, including but not limited to an Order to make whole.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all questions of fact raised by this Complaint.

Respectfully submitted,

ABIONA LAW PLLC

Olugbenga O. Abiona Esquire
121 South Broad Street, Suite 1200
Philadelphia, PA 19107
(215) 625-0330
Attorney ID. #57026
Attorney for Plaintiff

Dated: September 10, 2020